### February 15, 1928
20964—Board of County Commissioners of Stark County v. Pub. Util. Com. of Ohio. Error to the Pub. Util. Com. of Ohio. G. H. Harter, Jr., Canton, for pltff; E. C. Turner, Atty Genl., and A. M. Calland, of counsel, for deft.

### February 16, 1928.
20965—Nellie Moore v. State of Ohio. Motion for Greene Appeals to certify. W. L. Johnson, Xenia, for pltff; J. Carl Marshall, Xenia, for deft.

20966—John A. Becker et v. David Gordon et. Motion for Hamilton Appeals to certify. Lester G. Hilpp, Cincinnati, for pltff; Leo Brumeleve, Cincinnati, for defts.

### February 17, 1928
20967—Toledo Transfer Co. v. Maude Holmes. Motion for Lucas Appeals to certify. Taber, Chittenden, Daniels & Cochran, Toledo, for pltff; S. S. Burtsfield, Toledo, for deft.

### February 18, 1928
20968—Helen Zwolinski v. Lincoln Heights Savings & Loan Co. Motion for Cuyahoga Appeals to certify. Stoffel, Zwolinski & Prince, Cleveland, for pltff; L. A. Kujawski, Cleveland, for deft.

20969—William S. Johnstone v. Toledo Machinery Exchange, Inc. Motion for Lucas Appeals to certify. Eldon H. Young, Toledo, and John F. Carlisle, Columbus, for pltff.

20970—Albert H. Mitchell v. City of Columbus. Motion for Franklin Appeals to certify. Paul M. Herbert, Columbus, for pltff; Charles A. Leach and Baxter Evans, Columbus, for deft.

### February 20, 1928
20971—Joseph A. Spitzig v. State of Ohio ex George D. Hiles, et. Error to Cuyahoga Appeals. Cull, Burton & Laughlin, Cleveland, for pltff; Geo. D. Hile and E. C. Stanton, Cleveland, for defts.

20972—State of Ohio v. William Cummings. Motion for leave to file petition in error to Greene Appeals. J. Carl Marshall, Xenia, for pltff; F. W. Dunkle and F. L. Johnson, Xenia, for deft.

20973—Industrial Commission of Ohio v. Nanie Ahern. Motion for Hamilton Appeals to certify. Edw. C. Turner, Atty. Genl., and R. R. Zurmehly, Columbus, for pltff.

## PROCEEDINGS OF
## SUPREME COURT

### MOTION DOCKET
### February 23, 1928
20718—The Pure Oil Co. v. Milton H. Turner. Motion for an order directing the Court of Appeals of Guernsey county to certify its record. Allowed. Dock. 5 Abs. 556.

20814—Lorain County Savings &. Trust Co. v. Joseph B. Haynes. Motion for an order directing the Court of Appeals of Lorain county to certify its record. Overruled. Dock. 5 Abs. 765.

20845—Christ C. Seal, etc., v. The Stock Yards Bank. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 5 Abs. 797.

20921—Samuel Jonas v. The Swetland Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 61.

20936—Detroit, Toledo & Ironton R. R. Co. v. Abbie Nelson Brecht. Motion for an order directing the Court of Appeals of Clark county to certify its record. Overruled. Dock. 6 Abs. 93.

20944—Kentucky Central Life & Acc. Insurance Co. v. Abbie Walton. Motion for an order directing the Court of Appeals of Clark county to certify its record. Overruled. Dock. 6 Abs. 109.

20946—Lawrence C. Reynolds v. H. P. Hart. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled. Dock. 6 Abs. 109.

## SYLLABI
## Ohio Supreme Court

### LAUB BAKING CO. v. MIDDLETON
### OCEAN ACCIDENT & GTEE. CORP. LTD.
### v. MIDDLETON

Ohio Supreme Court

Nos. 20366 and 20367. Decided Feb. 15, 1928.

Error to Cuyahoga Appeals.

Judgment reversed.

396—DIRECTED VERDICTS—791. Motions and Orders —398. Dismissals—941. Practice and Procedure.

1. Motion for directed verdict, after evidence all in, is submission to court within purview of 11586 GC. After decision thereon, favorable to defendant, plaintiff cannot dismiss without prejudice.

2. Where proof and essential facts and reasonable inferences are such that jury should arrive at but one conclusion, duty of trial court to direct verdict.

3. Where motion to direct verdict has been passed on, aggrieved party may seek reversal or final judgment in reviewing court.

4. Refusal of trial court to direct verdict and dismissal without prejudice, constitutes final order within purview of 12258 GC.

5. Motion for new trial not necessary in application, by court, of law to facts on motion for directed verdict. Defeated party may rest solely on motion and need not ask for new trial.

JONES, J.

1. Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of Section 11586. General Code. After such submission and subsequent announcement of its conclu-

sion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant.

2. When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury, as fair minded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains.

3. In such a case, where a motion for a directed verdict has been refused or sustained, the party aggrieved may seek a reversal or a final judgment in the reviewing court, if the whole evidence has been embodied in a bill of exceptions.

4. The refusal of a trial court to direct a verdict for a defendant, and its dimissal of the cause without prejudice, determines that action and prevents a judgment in favor of defendant; this constitutes a final order within the purview of Section 12258, General Code, and is reviewable on error.

5. Where a motion for a new trial is necessary to determine the weight of the evidence, it is not necessary in the application, by the court, of the law to the facts on a motion for a directed verdict. The defeated party has the right to rest solely on his motion for a directed verdict; and, although he may do so, he is not compelled to ask for a new trial which he may not desire.

(Marshall, CJ., Day, Allen, Kinkade and Matthias, JJ., concur.)